FILED - GR
February 12, 2010 3:21 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald__/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Beatrice Christian,  )
 )
    Plaintiff,  )
 )  Hon.
    v.  )
 )
NCO Financial Systems, Inc.,  )
a Pennsylvania corporation,  )
 )
    Defendant.  )
_____ )

1:10-cv-142
Paul L Maloney
Chief U.S. District Judge

**Complaint**

**I.  Introduction**

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.  Jurisdiction**

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

**III.  Parties**

3. Plaintiff Beatrice Christian is a natural person residing in Kent County, Michigan. Ms. Christian is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Christian is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

1

MOC.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. NCO uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NCO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NCO is a "debt collector" as the term is defined and/or used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and/or used in the MOC.

**IV.  Facts**

5. Ms. Christian used a credit account to obtain goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. The original creditor or a successor in interest claimed that the debt was not paid and hired NCO to collect the allegedly delinquent debt.

7. Alternatively, NCO purchased the debt after the account allegedly became delinquent.

8. Ms. Christian disputes the debt.

9. Ms. Christian refuses to pay the debt.

10. In or about January or February 2010, NCO telephoned Ms. Christian and left the following pre-recorded and/or computer-generated message on Ms. Christian's voice mail:

"Please call Alex Hart back today at 1-866-447-9303. Once again, the number is 1-866-447-9303. Thank you. BCY641 is your reference ID. Again, your reference ID is BCY641."

11. The message left by NCO on Ms. Christian' voice mail conveyed information regarding a debt directly or indirectly to Ms. Christian.

12. The message left by NCO on Ms. Christian' voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

13. The message left by NCO on Ms. Christian' voice mail did not disclose in the message that the telephone call was from a debt collector.

14. By failing to disclose in a message left by NCO on Ms. Christian' voice mail that the caller was a debt collector, NCO violated the FDCPA, 15 U.S.C. § 1692e(11).

15. When NCO left the message on Ms. Christian' voice mail, NCO was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d 643 (S.D.N.Y. 2006).

16. NCO is a member of ACA International ("ACA").

17. ACA is a trade group for debt collectors. According to the ACA website (www.acainternational.org), NCO has been a member of ACA since 1981.

18. Over the past two or more years, ACA sent multiple writings to its members, including NCO, discussing the various federal district court opinions in which the respective

federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector.

19. NCO has been sued in the past, multiple times, including putative class actions, for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

20. Despite becoming aware prior to January 2010, that multiple federal district court had issued written opinions in which the respective federal courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector, NCO, NCO officers, and NCO management, still allow NCO and its employees when leaving a recorded message for a debtor/consumer, not to state that the caller is a debt collector.

21. In January and February 2010, it was the practice of NCO in connection with the collection of debts sometimes to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

22. In January and February 2010, NCO when telephoning consumers in connection with the collection of a debt, sometimes left a message on the consumer's voice mail or telephone answering machine which message failed to disclose that the caller was a debt collector.

23. The message left by NCO on Ms. Christian's voice mail conveyed did not disclose in the message that the telephone call was from NCO.

24. The message left by NCO on Ms. Christian's voice mail conveyed did not

disclose in the message the name of the company that was making the telephone call.

25. NCO left a message on Ms. Christian's voice mail that did not include a meaningful disclosure of the caller's identity, which violated the FDCPA, 15 U.S.C. § 1692d(6).

26. In January and February 2010, it was the practice of NCO in connection with the collection of debts sometimes to leave a message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from NCO.

27. In January and February 2010, it was the practice of NCO in connection with the collection of debts sometimes to leave a message on the consumer's voice mail or telephone answering machine without disclosing in the message the name of the company that was making the telephone call.

28. The message left by NCO on Ms. Christian's voice mail did not reveal the purpose of the telephone call.

29. The message left by NCO on Ms. Christian's voice mail concealed the purpose of the telephone call.

30. The recorded message left by NCO on Ms. Christian's voice mail concealed or did not reveal the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

31. In January and February 2010, it was the practice of NCO in connection with the collection of debts sometimes to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

32. In the one-year period immediately preceding the filing of this complaint, NCO left recorded messages on the voice mail or telephone answering machine of more than one

hundred consumers residing within the State of Michigan, failing to disclose in the message that the communication was from a debt collector.

33. In the one-year period immediately preceding the filing of this complaint, NCO left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without making a meaningful disclosure in the message of the caller's identity.

34. In the one-year period immediately preceding the filing of this complaint, NCO left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, without stating in the message that the telephone call was from NCO.

35. In the one-year period immediately preceding the filing of this complaint, NCO left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

36. The acts and omissions of NCO and its employees done in connection with efforts to collect a debt from Ms. Christian were done wilfully.

37. NCO and its employees wilfully violated the FDCPA and MOC.

38. As an actual and proximate result of the acts and omissions of defendant and its employees, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

V.      **Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

39.     Plaintiff incorporates the foregoing paragraphs by reference.

40.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a)   Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b)   Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

   c)   Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

   d)   A declaration that defendant's practices violate the FDCPA; and

   e)   Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

41.     Plaintiff incorporates the foregoing paragraphs by reference.

42.     Defendant has violated the MOC. Defendant's violations of the MOC

include, but are not necessarily limited to, the following:

    a)    Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

    b)    Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

    c)    Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

    d)    Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

    a)    Actual damages pursuant to M.C.L. § 339.916(2);

    b)    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    c)    Statutory damages pursuant to M.C.L. § 339.916(2);

    d)    Declaratory and injunctive relief pursuant to M.C.L. § 339.916(1);

    e)    Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2); and

    f)    Such further relief as the court deems just and proper.

### Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: February 12, 2010

                                                      _/s/ Phillip C. Rogers_
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com